|! GAIDRY, J.,
concurring.
I respectfully concur in the result herein, based upon the conclusion that it would *552 be better grounded conceptually on a holding that Carolina was contractually entitled to settle the principal action and to be indemnified by its insured, Younger Brothers, under the clear terms of the policy between them. Although Younger Brothers had the primary duty to defend claims against it within its combined liability deductible or self-insured retention of $250,000.00, the Loss Fund Agreement forming part of the policy authorized Carolina “at its discretion” to “take over the supervision of all or part” of a claim and “to take over the handling of a claim.” The Deductible Liability Insurance endorsement unambiguously provided that “[t]o settle any claim or suit, we [Carolina] may pay all or part of any deductible,” and that “[i]f this happens, you [Younger Brothers] must reimburse us for the deductible or the part of the deductible we paid.” There is nothing to suggest that this arrangement violates public policy or is otherwise contrary to law.
As insured, Younger Brothers agreed to the foregoing terms. Absent contravention of positive law or public policy, a policy of insurance constitutes the |Plaw between the parties. Such being the case, discussion of any claimed duties of primary and excess insurers toward each other is misplaced, and it is unnecessary to resort to principles of subrogation to resolve this dispute.
The sole issue relating to the amount of indemnity which Carolina may claim under the policy terms is the reasonableness of the settlement amount given the facts of the claim. The principle that good faith shall govern the conduct of the obligor and the obligee in whatever pertains to the obligation applies to all kinds of obligations, regardless of their origin. La. C.C. art. 1759; Great Southwest Fire Ins. Co. v. CNA Insurance Companies, 557 So.2d 966, 967 (La.1990). Younger Brothers was further protected against arbitrary or unreasonable exercise of Carolina’s right to settle by the general duty of good faith and fair dealing owed by insurers to insureds under La. R.S. 22:1220(A) and general principles of insurance law. Thus, once the trial court determined that Carolina exercised its contractual rights under the policy in good faith, given the potential value of the claim as shown by the evidence, it was clearly entitled to indemnity under the policy terms.